## RUMBOUGH vs. BERRY, Auditor.

AUDITOR: *When cannot draw warrant.*

Where an appropriation made by the legislature for a specific purpose has been exhausted, the auditor cannot draw his warrant in payment of the same.

PETITION for *Mandamus.*

*Willshire & Coblentz* and *Pomeroy,* for petitioner.

*J. R. Montgomery,* Attorney General, for defendant.

GREGG, J. On the 3d of June, 1871, Rumbough filed his petition in this court against James R. Berry, as auditor of

the state, and alleged that upon proper application under the statute being made, the commissioner of public works appointed him to make surveys and estimates of the amount and kind of certain work, to determine the utility, etc., of making or repairing levees, ditches, etc. ; that under such appointment and the order of said commissioner, he, for the state and for the use of said commissioner, made such surveys and estimates, which services so rendered, are worth two hundred and sixteen dollars and fifty cents ; that his account for said services was made, and, by said commissioner certified to be correct; that he presented said account so certified, for the sum aforesaid, to the auditor of state and demanded a warrant on the treasurer for the payment thereof, but the auditor refused to issue such warrant. And he prayed the court for a writ of *mandamus* to compel the auditor to issue such warrant, etc.

The auditor demurred to the petition ; his demurrer was overruled.   He then answered that there was no law requiring him to draw such warrant; that there was no appropriation out of which the petitioner's claim could be paid; that the sum of $5,000 appropriated under section 13, act of March 23, 1871, to carry into effect the provisions of "an act to amend an act, entitled an act providing for the building and repairing of the public levees of this state," was exhausted, and nothing remained out of which to pay claims, etc.  Upon which petition and answer the cause has been submitted.

Sec. 3 of said act authorizes the commissioner of public works to employ an engineer to make the necessary surveys and estimates as required by the act, and upon the certificate of the commissioner, he is to be paid in the same manner as state officers are paid ; and the amount so paid is to be levied upon and collected from the various counties interested as provided for in the act.

Is there an appropriation by law to pay for such services

over the $5,000 alleged to be consumed? The clause refer-
red to, that the engineer shall be paid upon a certificate, etc.,
shall be paid in the same manner as state officers, is not an
appropriation of money, but a mode of paying out what may
have been set apart for such purposes. And, fortunately, we
think, our constitution has thrown a safeguard around the
treasury against the payment of indefinite and unascertained
amounts that might be claimed and certified to as correct by
the executive or other state officers in the administration of
the affairs of the state.

Sec. 20, art. V, provides that, "No portion of the public
funds or property shall be appropriated by any resolution.
No appropriation shall be made except by a bill duly passed
for that purpose." And sec. 8 of art. X provides that "No
money shall be paid out of the treasury until the same shall
have been appropriated by law."

Under these clauses the auditor could not draw his warrant
unless there was an appropriation made by law to pay such
claim, and to say that an engineer shall be paid in the same
manner as state officers are paid is no setting apart money to
pay him; it only authorizes him to draw pay in the same
manner, when money has been appropriated for such purpose.

Sec. 13 of the act referred to appropriates five thousand dol-
lars to carry into effect the provisions of the act. There is no
specified sum allowed for surveying and making estimates, and
if this five thousand dollars is not a limit of the amounts allow-
ed to be drawn under the act, there is no limit and the treasury
would be open to an unlimited extent, regulated by nothing
higher than the discretion of an executive officer. We cannot
hold that the legislature so intended. If the sum appropri-
ated is not as much as the commissioner desires to have ex-
pended, he must look to the legislature, for they alone can de-
cide what sum shall be used for such purpose, and the courts

cannot extend relief to one who has rendered such service, when there is no money remaining out of any legislative appropriation to satisfy such demand.

The writ is denied.